# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BAHAA ISWED,

       **Plaintiff,**                  CIVIL ACTION NO. 06-15288

vs.

                                    DISTRICT JUDGE NANCY G. EDMUNDS

RAYMOND BOOKER,          MAGISTRATE JUDGE DONALD A. SCHEER
CHERYL BAKER, AND
LARRY BRANHAM,

       **Defendants.**

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendants' Motion for Summary Judgment should be GRANTED based on *res judicata* since Plaintiff is attempting to make the same factual allegations concerning the same cause of action against the same parties defendant as he did in an earlier action.

\* \* \*

Plaintiff, while a state prisoner at the Ryan Correctional Facility (RRF) in Detroit, Michigan[1], was allowed to proceed in forma pauperis and filed the instant Complaint on November 30, 2006, pursuant to 42 U.S.C. § 1983, complaining of the rejection of a piece of mail sent to him from outside the prison. Defendant Booker is the RRF Warden, Defendant Baker is the mailroom clerk at RRF who initially rejected the mail, and Defendant Branham conducted a grievance hearing

---

[1] Plaintiff is currently incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan.

on the rejection. The case has been referred to the undersigned for all pretrial proceedings. Defendants have filed a Motion for Summary Judgment, and Plaintiff has filed a response thereto.

On or about March 21, 2003, Defendant Baker received an envelope addressed to Plaintiff and sent to him by another inmate incarcerated at a different prison. Upon opening the letter, Defendant Baker found that it had been written in Arabic. Since a reliable Arabic interpreter was not available, she sent notice to the Plaintiff that he would not be allowed to receive the mail because it was written in a foreign language. The rationale for the rejection was based on Michigan Department of Corrections (MDOC) Policy Directive 05.03.118, which states that prisoners are prohibited from receiving mail written in a foreign language that cannot be interpreted by institutional staff to the extent necessary to conduct an effective search. The parties agree that the letter in question was not "legal mail," which would have required Plaintiff's presence to open. With respect to the contents and the deliverability of the letter, all prison personal property not specifically authorized is considered contraband. See Policy Directive 4.07.112, III, EE, pg. 8. Claiming that the rejection of his incoming personal mail was a violation of MDOC policy as well as his First, Fourth, Eighth and Fourteenth Amendment rights, Plaintiff sought compensatory and punitive damages as well as declaratory and injunctive relief.

Plaintiff named the above named defendants (among others) in a previous complaint. See <u>Iswed v. Caruso, et. al</u>., Case Number 05-73287 (Judge Battani). In a Report and Recommendation dated April 17, 2006, Magistrate Judge Pepe recommended that the Court dismiss the complaint as to Booker for failure to allege his personal involvement in the alleged violation of Plaintiff's rights, and as to all defendants, pursuant to 42 USC § 1997e, for failure to plead

exhaustion of his administrative remedies before filing the lawsuit.[2]  Plaintiff did not file any objections to the Report and Recommendation. The Court adopted the recommendation, summarily dismissed the complaint, and awarded judgment to the defendants.[3]

Plaintiff's earlier § 1983 action brought against these defendants was based on identical facts and alleged the precise issue as the one at bar - an alleged violation of his constitutional rights as a result of being denied personal mail written in a foreign language. The doctrine of *res judicata* bars the relitigation of issues fact or law already determined in a prior proceeding against the same defendants. *Young v. Township of Green Oak,* 471 F.3d 674 (6th Cir.2006) ("The doctrine of *res judicata* bars a successive action if '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.' ").

Plaintiff is now attempting to make the same factual allegations concerning the same cause of action against the same parties defendant in the earlier action.  A final judgment on the merits precludes litigation of the same claims in a second action. To the extent that the Supreme Court decision in Jones v. Bock, 127 S.Ct. 910 (2007) may call the judgment in the earlier case into question, Plaintiff may seek relief by filing a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(1).  Rule 60(b)(1) provides for relief from judgment in instances of "mistake, inadvertence, surprise, or excusable neglect," and governs instances where the mistake was based upon legal error. Hooper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th

---

[2] Iswed v. Caruso, 05-73287 Docket #30

[3] Iswed v. Caruso, Docket #32-33.

Cir. 1989). Plaintiff must move to alter, set aside or vacate the earlier judgment. He may not simply relitigate the same claims in a second action.

MOTION TO AMEND

Following the filing of Defendants' Motion for Summary Judgment and a response thereto, Plaintiff sought to amend his complaint in order to raise additional allegations against new parties defendant concerning the same cause of action. Plaintiff sought to add RRF prison officials James Armstrong, Tracey Lewis, Carolyn Green and Marjorie Grimes. As pointed out by Defendants in their Brief in Opposition to the Motion to Amend the Complaint, Plaintiff named these four defendants in his previous complaint. In a Report and Recommendation dated April 17, 2006, Magistrate Judge Pepe recommended that the Court dismiss as to James Armstrong and Marjorie Grimes for failure to allege that they were personally involved or responsible for violating plaintiff's constitutional rights. Magistrate Judge Pepe also recommended that Tracey Lewis and Carolyn Green be dismissed for failure to exhaust administrative remedies[4]. Each was granted a judgment in the prior lawsuit on the same claims Plaintiff seeks to assert in this case. I have therefore denied the Motion to Amend.

---

[4] Iswed v. Caruso, 05-73287 Docket #30

Accordingly, I recommend that Defendants' Motion for Summary Judgment be granted and the instant case dismissed. Given this recommendation, Defendants' Motion to Stay Discovery (Docket #16) should be denied as moot. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Edmunds' acceptance thereof is waived.

DATED: August 31, 2007

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Nancy Edmunds
Bahaa Iswed
Julia R. Bell

## CERTIFICATE OF SERVICE

I hereby certify on August 31, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 31, 2007. **Bahaa Iswed.**

s/Jane Johnson
for Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217